UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DEREK MORTLAND,                )   CASE NO.: _____
                              )
          Plaintiff,          )   JUDGE _____
                              )
vs.                           )   **COMPLAINT FOR INJUNCTIVE**
                              )   **RELIEF AND DAMAGES:**
                              )
KALAMAZOO HOTELS LLC          )   **1ST CAUSE OF ACTION:** For Denial of
                              )   Access by a Public Accommodation in
          Defendant.          )   Violation of the Americans with Disability
                              )   Act of 1990 ("Title III" and "ADA"),
                              )   42 U.S.C. §§ 12181 *et seq*.
                              )
                              )   **2ND CAUSE OF ACTION:** For Denial of
                              )   Access by a Public Accommodation in
                              )   Violation of Michigan Persons with
                              )   Disabilities Civil Rights Act M.C. L.
                              )   37.1301, *et seq.*
                              )
                              )   **3RD CAUSE OF ACTION**: For Breach of
                              )   the Michigan Consumer Protection Act.

Plaintiff DEREK MORTLAND Complains of Defendant KALAMAZOO HOTELS

LLC, and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 1

Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

2.      Plaintiff DEREK MORTLAND is a person with physical disabilities who, on or about June 12, 2025, through June 13, 2025, was an invitee, guest, patron, or customer at Defendant's property, which houses a HOLIDAY INN KALAMAZOO WEST hotel, located at 1247 Westgate Drive, Kalamazoo, MI 49009. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Michigan legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Michigan law, whose goals are closely tied with the ADA, including but not limited to violations of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Kalamazoo, County of Kalamazoo, State of Michigan and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.      Plaintiff DEREK MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 2

"physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) MORTLAND is a "person with physical disabilities," as defined by all applicable Michigan and United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

6.  Defendant KALAMAZOO HOTELS LLC, a Michigan limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a HOLIDAY INN KALAMAZOO WEST hotel, a public accommodation, located at/near 1247 Westgate Drive, Kalamazoo, MI 49009, and subject to the requirements of Michigan state law requiring full and equal access to public facilities pursuant to the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.  At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject HOLIDAY INN KALAMAZOO WEST hotel as a public facility at/near 1247 Westgate Drive, Kalamazoo, MI 49009. The business, a HOLIDAY INN KALAMAZOO WEST hotel is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

8.  At all times relevant to this complaint, Defendant is the landlords/lessors,

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 3

tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 1247 Westgate Drive, Kalamazoo, MI 49009. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201        General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 4

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a HOLIDAY INN KALAMAZOO WEST hotel, located at 1247 Westgate Drive, Kalamazoo, MI 49009. The HOLIDAY INN KALAMAZOO WEST hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the HOLIDAY INN KALAMAZOO WEST hotel to handicapped access requirements.

11. Plaintiff DEREK MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable Michigan and United States laws. MORTLAND is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the HOLIDAY INN KALAMAZOO WEST hotel as being handicapped accessible and handicapped usable.

13. For example, on its website, the HOLIDAY INN KALAMAZOO WEST hotel advertised that the hotel had the following accessible amenities:

      a.   Wheelchair accessible rooms;

      b.   ADA compliant guest rooms and access routes;

      c.   Accessible door locks;

      d.   Adequate clear turning space in bathrooms;

e.   Handrails in bathroom;

f.   Accessible self parking available;

g.   Van accessible self parking available;

h.   Flat terrain between parking and entrance;

i.   Curb cuts and street parking wheelchair accessible;

j.   Number of wheelchair accessible parking spaces: 4;

k.   Designated accessible parking spaces with posted signs;

l.   Disabled or accessible parking;

m.  Ramp access to property;

n.   Ramp access to hotel bar lounge;

o.   Ramp access to leisure facilities;

p.   Ramp access to hotel restaurant;

q.   Accessible hotel entrance;

r.   Accessible concierge desk;

s.   Accessible restaurant seating;

t.   Accessible vanity;

u.   Accessible fitness center;

v.   Accessible public restrooms;

w.  Accessible restaurant;

x.   Accessible public facilities;

y.   Accessible route from accessible public entrance to pool;

z.   Accessible elevator access to all levels; and

aa. Elevators are ADA compliant.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 6

14. On or about June 12, 2025, through June 13, 2025, MORTLAND was an invitee and guest at the subject HOLIDAY INN KALAMAZOO WEST hotel, arriving for purposes of obtaining lodging.

15.  Prior to his arrival, MORTLAND reserved a "1 King Standard Accessible Room with Roll in Shower"; he paid $130.01 for his stay.

16.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him the full and equal access to the property.

17.     MORTLAND encountered numerous inaccessible elements of the subject HOLIDAY INN KALAMAZOO WEST hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by MORTLAND within the facility's :

**Parking**

 a.  Accessible parking spaces were not located on the shortest accessible route to the building, violating 2010 ADAS Section 208.3.1 and 1991 ADAS Section 4.6.2. This forced Mr. Mortland to travel a longer and potentially more challenging path to access the facility.

**Guest Room 212**

 b.  The door exceeded the maximum allowable opening force, requiring 15 pounds of pressure to open, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2). This made it difficult for Mr. Mortland to independently access the room.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 7

c.  The maneuvering clearance on the pull side of the door extended less than 18 inches beyond the latch side, violating 2010 ADAS Section 404.2.4.1 and 1991 ADAS Section 4.13.6. This limited Mr. Mortland's ability to approach and open the door effectively.

d.  Directional and informational signage was noncompliant due to insufficient font size and contrast, violating 2010 ADAS Section 216.3. This hindered Mr. Mortland's ability to navigate the facility independently.

e.  Coat hooks were installed too high, violating 2010 ADAS Section 308.3.2 and 1991 ADAS Section 4.2.6, making them inaccessible for Mr. Mortland during his stay.

f.  Storage areas were placed at an inaccessible height, violating 2010 ADAS Section 308.3.2 and 1991 ADAS Section 4.2.6, preventing Mr. Mortland from utilizing them.

g.  Climate control units were mounted too high, violating 1991 ADAS Section 4.2.6, making it impossible for Mr. Mortland to adjust the temperature independently.

h.  Another climate control unit was mounted above the maximum allowable reach range, violating 2010 ADAS Section 308.3.1, further restricting accessibility for Mr. Mortland.

i.  Wall lamps were installed at an inaccessible height, violating 2010 ADAS Section 308.3.2 and 1991 ADAS Section 4.2.6, limiting Mr. Mortland's ability to use them.

j.  Shade pulls required tight grasping, pinching, or twisting of the wrist, violating 2010 ADAS Section 309.4 and 1991 ADAS Section 4.27.4, making them unusable for Mr. Mortland.

k.  Grab bars were not rounded, smooth, or free of sharp elements, violating 2010 ADAS Section 609.5 and 1991 ADAS Section 4.26.4, posing a safety risk to Mr. Mortland.

l.  Another bar was similarly noncompliant, violating 2010 ADAS Section 609.5 and 1991 ADAS Section 4.26.4, further compromising safety and usability for Mr. Mortland.

m.  The "L"-shaped seat in the shower was mounted backwards, violating 2010 ADAS Section 610.3.2, making it difficult for Mr. Mortland to use the shower safely.

n.  The handheld sprayer unit in the shower was mounted above the required maximum height, violating 2010 ADAS Section 608.6, preventing Mr. Mortland from using it effectively.

o.  The adjustable-height shower head vertical bar did not allow the spray unit to be mounted low enough, violating 2010 ADAS Section 608.6, further restricting accessibility for Mr. Mortland.

p.  Grab bars were not spaced correctly to the wall or other elements, violating 2010 ADAS Section 609.3, obstructing their use and compromising safety for Mr. Mortland.

q.  The required grab bar on the side wall of the roll-in shower was missing, violating 1991 ADAS Section 4.21.4, making it unsafe for Mr. Mortland to use the shower.

r.  The grab bar opposite the shower seat was missing, violating 2010 ADAS Section 608.3.2, further reducing safety and accessibility for Mr. Mortland.

s.  The handheld sprayer unit lacked a non-positive on/off control, violating 2010 ADAS Section 608.6, making it difficult for Mr. Mortland to operate the shower.

t.  Water and drain pipes under the lavatory were not adequately insulated, violating 2010 ADAS Section 606.5 and 1991 ADAS Section 4.19.4, posing a risk of injury to Mr. Mortland.

u.  Towels were placed above the maximum allowable reach range, violating 2010 ADAS Section 308.3.1, making them inaccessible for Mr. Mortland.

v.  The toilet paper dispenser was installed outside the compliant range, violating 2010 ADAS Section 604.7, making it difficult for Mr. Mortland to access it.

w.  The bathmat was placed at an inaccessible height, violating 2010 ADAS Section 308.3.1, preventing Mr. Mortland from using it.

**Bar and Dining**

x.  The bar did not have a low seating space, violating 2010 ADAS Section 226.1 and 1991 ADAS Section 5.1, excluding Mr. Mortland from using the bar area.

y.  There were no accessible tables in the dining area, violating 2010 ADAS Section 226.1 and 1991 ADAS Section 5.1, preventing Mr. Mortland from dining comfortably.

**Men's Restrooms behind Dining Area**

z.  The door exceeded the maximum allowable opening force, requiring 15 pounds of pressure to open, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2), making it difficult for Mr. Mortland to access the restroom.

aa. The compartment door was not self-closing, violating 2010 ADAS Section 604.8.1.2, compromising privacy and usability for Mr. Mortland.

bb. The coat hook was broken off, violating 2010 ADAS Section 213.3.7, leaving Mr. Mortland without a place to hang his belongings.

cc. Grab bars were not rounded, smooth, or free of sharp elements, violating 2010 ADAS Section 609.5 and 1991 ADAS Section 4.26.4, posing a safety risk to Mr. Mortland.

dd. The toilet paper dispenser was installed outside the compliant range, violating 2010 ADAS Section 604.7, making it difficult for Mr. Mortland to access it.

ee. Water and drain pipes under the lavatory were not adequately insulated, violating 2010 ADAS Section 606.5 and 1991 ADAS Section 4.19.4, posing a risk of injury to Mr. Mortland.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 10

ff.  The rim of the urinal was above the maximum allowable height, violating 1991 ADAS Section 4.18.2, preventing Mr. Mortland from using it.

**Men's Restrooms by Pool and Fitness**

gg.  The restroom was out of order, violating 2010 ADAS Section 28 C.F.R. Section 36.211(a), leaving Mr. Mortland without access to necessary facilities.

**Pool**

hh.  The pool lift was inoperable, violating 2010 ADAS Section 242.2, preventing Mr. Mortland from accessing the pool.

ii.  Life-saving equipment was placed above the maximum allowable reach range, violating 2010 ADAS Section 308.3.1, making it inaccessible for Mr. Mortland.

jj.  The clear floor space for life-saving equipment was obstructed, violating 2010 ADAS Section 305.3 and 1991 ADAS Section 4.2.4.1, further limiting accessibility for Mr. Mortland.

kk.  The toe clearance under the drinking fountain did not meet minimum height requirements, violating 2010 ADAS Section 306.2.1, 2010 ADAS Section 602.2, 1991 ADAS Section 4.15.5(1), and 1991 ADAS Section 4.27.2, making it unusable for Mr. Mortland.

ll.  The outdoor shower was noncompliant, requiring tight grasping and twisting of the wrist, and lacked a handheld sprayer unit, violating 2010 ADAS Section 608.6, making it inaccessible for Mr. Mortland.

mm.      The first aid kit was placed above the maximum allowable reach range, violating 2010 ADAS Section 308.3.1, making it inaccessible for Mr. Mortland.

**Fitness Center**

nn. The door exceeded the maximum allowable opening force, requiring 9 pounds of pressure to open, violating 2010 ADAS Section 404.2.9 and 1991 ADAS Section 4.13.11(2), making it difficult for Mr. Mortland to access the fitness center.

oo. The first aid kit was placed above the maximum allowable reach range, violating 2010 ADAS Section 308.3.1, making it inaccessible for Mr. Mortland.

pp. Climate control units were mounted too high, violating 2010 ADAS Section 308.3.1, preventing Mr. Mortland from adjusting the temperature.

qq. Wipes were placed above the maximum allowable reach range, violating 2010 ADAS Section 308.3.1, making them inaccessible for Mr. Mortland.

**Other  Mobility Accessible Guest Rooms**

rr.  Upon information and belief, there were not enough accessible rooms designed with mobility features, violating 2010 ADAS Section 224.2, limiting Mr. Mortland's options for accommodations.

ss.  Upon information and belief, accessible guest rooms were not dispersed among the various classes of sleeping accommodations, violating 2010 ADAS Section 224.5 and 1991 ADAS Section 9.1.4(1), restricting Mr. Mortland's ability to choose rooms with different amenities and costs.

tt.  On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 12

12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, either then, now or in the future.

19. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

20. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

21. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

22. MORTLAND, as described herein below, seeks injunctive relief to require the HOLIDAY INN KALAMAZOO WEST hotel to be made accessible to meet the requirements of both Michigan law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the HOLIDAY INN KALAMAZOO WEST hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 13

until such date as Defendant brings the establishment into full compliance with the requirements of Michigan and federal law.

23. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

24. Because of Defendant's violations, MORTLAND and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the HOLIDAY INN KALAMAZOO WEST hotel accessible to persons with disabilities.

25. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the HOLIDAY INN KALAMAZOO WEST hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Michigan.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 14

26. On information and belief, the subject public facility of the HOLIDAY INN KALAMAZOO WEST hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

27. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the HOLIDAY INN KALAMAZOO WEST hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

28.    Plaintiff will return to the subject HOLIDAY INN KALAMAZOO WEST hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29. Should the HOLIDAY INN KALAMAZOO WEST hotel become accessible, MORTLAND will visit it again because he will travel to Kalamazoo County, Michigan in Spring, Summer, and/or Fall 2026.

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 15

30. Furthermore, plaintiff intends to return to the HOLIDAY INN KALAMAZOO WEST hotel on an annual basis beginning in 2026, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

**I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

31. Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 16

to regulate commerce, in order to address the major areas of
discrimination faced day to day by people with disabilities.

34. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by

Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public

accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

> 42  U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be
> necessary for the provision of the goods, services, facilities,
> privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in
> policies, practices, or procedures, when such modifications are
> necessary to afford such goods, services, facilities, privileges,
> advantages or accommodations to individuals with disabilities,
> unless the entity can demonstrate that making such modifications
> would fundamentally alter the nature of such goods, services,
> facilities, privileges, advantages, or accommodations;

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 17

1
2
3
4
5
6
7
8
9
10
11
12

> (iii) a failure to take such steps as may be necessary to
> ensure that no individual with a disability is excluded, denied
> services, segregated or otherwise treated differently than other
> individuals because of the absence of auxiliary aids and services,
> unless the entity can demonstrate that taking such steps would
> fundamentally alter the nature of the good, service, facility,
> privilege, advantage, or accommodation being offered or would
> result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and
> communication barriers that are structural in nature, in existing
> facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of
> a barrier under clause (iv) is not readily achievable, a failure to
> make such goods, services, facilities, privileges, advantages or
> accommodations available through alternative methods if such
> methods are readily achievable.

13
14
15
16

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, making available damage remedies.

17
18
19
20
21
22
23
24
25

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject HOLIDAY INN KALAMAZOO WEST hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

26
27
28

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 18

defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject HOLIDAY INN KALAMAZOO WEST hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about June 12, 2025, through June 13, 2025, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 19

accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

deemed to be the prevailing party.

44. Plaintiff seeks damages pursuant to the Michigan Persons with Disabilities Civil Rights

Act M.C.L 37.1301, *et seq.*, which provide, within the statutory scheme, that a violation of the

ADA and/or Michigan's accessibility standards is a violation of Michigan law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, ET SEQ.**

45. Plaintiff repleads and incorporates by reference as if fully set forth again herein,

the allegations contained in paragraphs 1 through 44 of this complaint.

46. At all times relevant to this action, the HOLIDAY INN KALAMAZOO WEST hotel and

the business therein, are "places of public accommodation" pursuant to M.C.L. 37.1301(a).

47. Defendant committed an unlawful act pursuant to M.C.L. 37.1302(a) by denying Plaintiff

his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or

privileges at its place of public accommodation because of a disability, as prohibited by M.C.L.

37.1302.

48. Plaintiff has desired and attempted to enjoy the goods and services at the HOLIDAY INN

KALAMAZOO WEST hotel as a customer. He has been prevented from doing so due to the existing architectural barriers at the property. As a result, he has been physically injured, distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in M.C.L. 37.1606.

49. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, physical personal injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

50. Pursuant to Michigan law, plaintiff is entitled to compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## III.    THIRD CAUSE OF ACTION FOR VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

51. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in Paragraph 1 through 50 of this complaint.

52. By virtue of Defendant's unlawful conduct, including advertising that its hotel is accessible when it is not, Defendnat's has engage in and continues to engage in, unfair, unconscionable, or deceptive methods, acts, or practices in the condut of trade or commerce, in violation of the Michigan Consumer Protection Act., M.C.L. § 445.903, *et seq.*, including bu not limited to:

a.   Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services.***

b.   Representing that goods or services have sponsorship, approval, characteristics,

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 21

ingredients, uses, benefits, or quantities that they do not have \*\*\*.\*\*\*

c.   Representing that goods and services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. \*\*\*

d.   Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

53. By Virtue of Defendant's violation of the Michigan Consumer Protection Act, Plaintiff is entitled to all remedies provided for in M.C.L § 445.911, including declaratory and injunctive relief, money damages, and recovery of its attorney's fees.

**PRAYER:**

Wherefore, Plaintiff DEREK MORTLAND prays that this court grant relief and damages as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.      For injunctive relief, compelling Defendant to make the HOLIDAY INN KALAMAZOO WEST hotel readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, *ET SEQ.***

4.    For injunctive relief, compelling Defendant to make the HOLIDAY INN KALAMAZOO WEST hotel, readily accessible to and usable by individuals with disabilities, per state law.

5.    General and compensatory damages according to proof;

6.    All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.    Attorneys' fees pursuant to Michigan law, if plaintiff is deemed the prevailing party;

8.    For all costs of suit;

9.    Prejudgment interest pursuant to Michigan law; and

10.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT**

11.    For injunctive relief, compelling Defendant to stop making unfair, unconscionable, or deceptive advertisements about the accessibility of the HOLIDAY INN KALAMAZOO WEST hotel, and to make the hotel readily accessible to and usable by individuals with disabilities, per state law.

12.    General and compensatory damages according to proof;

13.    All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with

COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES - 23

disabilities full and equal access.

14.    Attorneys' fees pursuant to Michigan law, if plaintiff is deemed the prevailing party;

15.    For all cost of suit;

16.    Prejudgment interest pursuant to Michigan law; and

17.    Such other and further relief as the court may deem just and proper.


Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Drive
Akron, OH 44319
Telephone: (330) 253-3337
cgm@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND